UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YOLANDA LISSETT HAMILTON,

          Plaintiff,

                                    Case No. 23-cv-1569-bhl

   v.

EMMANUEL METCALF,

          Defendant.

## SCREENING ORDER

On November 21, 2023, Plaintiff Yolanda Lissett Hamilton, proceeding *pro se*, filed a complaint against Emmanuel Metcalf. (ECF No. 1.) That same day, she filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2).

### THE MOVANT'S INDIGENCY

Hamilton reports that she is employed, is not married, and is responsible for providing a total of $600 in support per month for three minor children. (ECF No. 2 at 1.) Despite reporting employment, Hamilton states she has $0 total monthly wages at her Schaumburg, IL workplace.[1] (*Id.* at 2.) She also reports receiving a $1,550 loan from Cash Net USA and $3,000 from her best friend. (*Id.*) Hamilton confirms owning a 2006 Chevrolet Malibu worth $2,000 and having $630 in a checking account. (*Id.* at 4.) Against this income and property, she reports total monthly expenses of $1,945. (*Id.* at 3.)

On this record, Hamilton has not established that she is sufficiently indigent to receive a fee waiver. Hamilton's own filings bring into question her claimed indigency. She states that she

---

[1] Hamilton provides the address of her employer, 1051 Perimeter Drive, Schaumburg, IL, 60173, but does not name her employer. (ECF No. 2 at 2.) That address appears to be an office building that leases to several businesses.

is employed, yet she reports no monthly wages. This itself raises questions. Perhaps she has no wages for the current month because she took out a paycheck loan from Cash Net USA; the Court cannot be certain from the materials she has provided. Either way, she has received some income from the loan, along with another $3,000 she admits receiving from a friend. This suggests that, in total, Hamilton has received $4,550 in income from which she must pay expenses of only $1,950, leaving her with net cash of $2,600. This balance is enough to pay the filing fee. Her motion to proceed IFP therefore will be denied, without prejudice. Because Hamilton may have misunderstood the form or provided incomplete information, the Court will allow her the chance, if she chooses, to file a renewed motion to proceed IFP, supported by additional information that would establish her inability to pay the required fee. Given the Court's conclusion that her complaint fails to state a claim, as set forth below, perhaps she will not choose to do so.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above

the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

In her complaint, Hamilton alleges that she was notified on July 14, 2023 "during an appointment with the IRS" that $5,500 had been withheld from the child tax credit "due to an error made by Emmanuel Metcalf, a previous tax preparer." (ECF No. 1 at 2.) Hamilton had been told that she "could possibly not get it back because of" Defendant Metcalf's error. (*Id.*) The resulting "tax issues ha[ve] caused [Hamilton] 4 years of financial loss and damage" in addition to "crippl[ing] [her] ability to file and provide as a mother of 3." (*Id.*) She requests "to have [her] funds returned" "rightfully." (*Id.* at 2–3.) Hamilton states she is suing for a violation of federal law under 28 U.S.C. § 1331 and that she "would like to be awarded the 5,500 that was taken from" her. (*Id.* at 4.)

## ANALYSIS

As currently pleaded, Hamilton's complaint fails to state a claim upon which relief can be granted. Under 42 U.S.C. § 1983, Hamilton can file a federal lawsuit if she has suffered a deprivation of her constitutional rights. Section 1983 allows a Plaintiff to "hold a public official personally liable for misconduct under § 1983 upon satisfying two 'essential elements.'" *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). "First, the challenged conduct must have been 'committed by a person acting under color of state law.'" *Id.* (citing *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994)). "Second, the state actor's conduct must have deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution' or federal law." *Id.* (quoting 42 U.S.C. § 1983).

Hamilton's complaint falls short of both essential elements of a Section 1983 claim. First, she fails to allege that Metcalf acted under color of state law to deprive her of her rights. A "defendant acts 'under color of state law when he abuses the position given to him by the State.'" *DiDonato*, 24 F.4th at 1159–60 (quoting *West v. Atkins*, 487 U.S. 42, 49–50 (1988)). Hamilton has not alleged any facts to suggest Metcalf acted on behalf of or in concert with the government. To the contrary, the complaint suggests that Metcalf was a private tax preparer who made mistakes in preparing Hamilton's tax forms. Hamilton does not plausibly suggest that Metcalf was employed by the government or otherwise acted with governmental power sufficient to support a

Section 1983 claim.  Second, Hamilton has failed to allege that Metcalf deprived her of her constitutional rights.  At most, the complaint alleges that Metcalf may have committed malpractice and that Metcalf's negligence has caused financial harm to Hamilton.  But mere negligence, even by a state actor, is not enough to support a constitutional violation.  *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002) (citing *K.H. v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990)).

The Court will allow Hamilton the opportunity to file an amended complaint, clarifying her allegations and describing, if she can, plausible legal claims.  If she decides to proceed with an amended complaint, Hamilton should explain how Metcalf violated her constitutional rights.  Hamilton is advised that her amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Hamilton's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**, without prejudice.  Hamilton may file a second motion for leave to proceed without prepayment of the filing fee on or before December 28, 2023.  She should include more information about her income, her expenses, and her property.

**IT IS FURTHER ORDERED** that if Hamilton wishes to proceed with this lawsuit, she must file an amended complaint.  The amended complaint should state more plainly the basis for Hamilton's claims, including facts that would support a finding that the defendant violated her rights and describing the injuries she suffered due to those violations.  An amended complaint must be filed with the Court on or before **December 29, 2023**.  If the Court does not receive Hamilton's amended complaint by that date, the case will be dismissed for Hamilton's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on November 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge